UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:12-cr-00030-GZS |
| PAUL SANS, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PENDING MOTIONS**

Before the Court are Defendant's Motion to Appoint Counsel (ECF No. 201) and Defendant's Motion for Compassionate Release (ECF No. 202). For the reasons explained herein, the Court DENIES both Motions.

**I.    LEGAL STANDARD**

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling" reasons that presently warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). In considering what qualifies as extraordinary and compelling, this Court has generally looked to U.S.S.G. § 1B1.13 & Application Note 1.[1] Beyond those Guideline definitions of extraordinary and compelling reasons, the Court acknowledges that at least four circuits have now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the reasons that the Court might consider extraordinary and compelling when a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A). See United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1110 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). It is not clear whether the First Circuit will adopt this approach, although it has affirmed a compassionate release denial from the District of Maine while noting with apparent approval that "the district court did consider other

---

[1] See, e.g., United States v. Estrella, No. 2:15-cr-00032-GZS, 2019 WL 6689897 (D. Me. Dec. 6, 2019) (denying motion for compassionate release). The Court notes that based on a renewed, post-pandemic motion for compassionate release, Estrella was granted compassionate release. See United States v. Estrella, No. 2:15-cr-00032-GZS (D. Me. June 16, 2020).

relevant circumstances not specifically enumerated in the guidelines en route to denying relief." See United States v. Fox, No. 2:14-cr-00003-DBH, 2019 WL 3046086 (D. Me. July 11, 2019), *aff'd*, No. 19-1785 (1st Cir. July 23, 2020).  Given this backdrop, the Court reviews the entire record to consider whether a defendant presents any extraordinary and compelling reasons for a sentence reduction.

If a defendant establishes extraordinary and compelling reasons to reduce his sentence, the Court must next consider any applicable factors found in 18 U.S.C. § 3553(a).  Critically, in exercising its discretion to grant any sentence reduction, the Court also considers "the need . . . to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(C); see also U.S.S.G. § 1B1.13(2) (requiring a determination that "the defendant is not a danger to the safety of any other person or the community").

## II.  APPLICATION

The Court last considered whether this Defendant qualified for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) on June 23, 2020.  At that time, the Court concluded "that Defendant has not met his burden of establishing that extraordinary and compelling reasons presently warrant a reduction in his sentence."  See 6/23/20 Endorsement Order (ECF No. 200).  Nothing in Defendant's recent pro se filings changes this conclusion.  However, the Court additionally notes that the nature and circumstance of San's offense, his history and characteristics, and the need to protect the public, all factors that informed the Court's initial 180-month sentence in this bank robbery case, still overwhelmingly weigh in favor of not modifying Defendant's sentence at this time.

To the extent that Defendant's recent filings suggests that he is seeking an appointment of counsel to assist him in seeking a sentence reduction, the Court has reviewed the pending motions in accordance with District of Maine General Order 2020-6 and, based on that review, concludes that Defendant does not qualify for appointment of counsel on the record presented.  Therefore, the Court hereby DENIES Defendant's Motions (ECF Nos. 201 & 202).

SO ORDERED.

          /s/ George Z. Singal
          United States District Judge

Dated this 22nd day of January, 2021.