UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )<br>)  Docket no. 2:12-cr-00030-GZS<br>) |
| PAUL SANS, | )<br>) |
| Defendant. | )<br>) |

**ORDER ON PENDING MOTIONS**

Before the Court are Defendant's Motion to Appoint Counsel (ECF No. 206) and Defendant's Motion for Compassionate Release (ECF No. 207). Having reviewed the Motions, along with all of the other related filings (ECF Nos. 194–205 & 208–10), and the entire docket, the Court DENIES both Motions.

**I.   LEGAL STANDARD**

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling reasons" that presently warrant a reduction in his sentence. In determining what qualifies as extraordinary and compelling, the Court generally considers whether "the defendant's situation constitutes the type of extreme hardship that the compassionate-release statute is designed to ameliorate." United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021) (cleaned up).

This Court has frequently considered Application Note 1 to U.S.S.G. § 1B1.13 in determining whether a defendant presents extraordinary and compelling reasons for a sentence reduction. However, as the First Circuit has acknowledged, "the overwhelming majority of the courts of appeals" have now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the

reasons that the Court might consider extraordinary and compelling when a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A)(i).  Saccoccia, 10 F.4th at 8 (collecting cases); see also United States v. Texeira-Nieves, --- F.4th ---, 2022 WL 109269, at *3 (1st Cir. Jan. 12, 2022). While the First Circuit has not explicitly adopted this approach, it has assumed without deciding that "a court adjudicating a prisoner-initiated motion for compassionate release may go beyond the confines of the Sentencing Commission's current policy guidance . . . in determining whether a particular circumstance or set of circumstances constitutes an extraordinary and compelling reason to grant the motion."  Saccoccia, 10 F.4th at 8.  Given this backdrop, the Court reviews the entire record to consider whether a defendant presents any extraordinary and compelling reasons for a sentence reduction.

If the Court finds a defendant has established extraordinary and compelling reasons to reduce his sentence, the Court must next consider any applicable factors found in 18 U.S.C. § 3553(a).  See 18 U.S.C. § 3582(c)(1)(A).  Ultimately, "a supportable determination that the balance of the section 3553(a) factors weighs against a sentence reduction constitutes an independent reason to deny compassionate release."  Texeira-Nieves, 2022 WL 109269, at *4; see also, e.g., United States v. Almeida, No. 2:11-cr-00127-DBH, 2021 WL 22332, at *2 (D. Me. Jan. 4, 2021) (denying compassionate release based on section 3553(a) factors after finding that defendant's medical conditions qualified as extraordinary and compelling in light of the COVID-19 pandemic).

**II.   DISCUSSION**

Defendant Paul Sans, now age 39, has served almost ten years of his 180-month sentence. Defendant's pending motions reflect his third attempt to seek compassionate release since May 2020.  He currently is serving his sentence at USP Coleman II and has a projected release date of

June 13, 2025. Presently, USP Coleman II is reporting 24 confirmed active COVID-19 cases among inmates and staff. There has been one reported inmate death due to COVID-19 at this facility, and a total of 456 inmates and 110 staff are listed as recovered. Additionally, at Coleman FCC, 833 staff members and 5,063 inmates have been fully vaccinated to date.[1]

At the outset, the record before the Court does not establish that Defendant exhausted his administrative remedies for compassionate release prior to filing his pending request with the Court. Section 3582(c)(1)(A)'s administrative exhaustion requirement is "a non-jurisdictional claim-processing rule." Texeira-Nieves, 2022 WL 109269, at *3. As such, exhaustion is mandatory unless waived or conceded by the Government. See, e.g., United States v. Brown, No. 2:13-cr-00071-DBH, 2021 WL 5041218, at *1 (D. Me. Oct. 28, 2021); United States v. Hassan, No. 2:16-CR-00084-JDL, 2020 WL 6163125, at *2 (D. Me. Oct. 21, 2020). Here, the Government has raised an exhaustion objection to Defendant's Motion. (See Gov't Response (ECF No. 208), PageID #s 669–70.) Thus, the Court concludes that the pending request for compassionate release is subject to dismissal without prejudice based on Defendant's failure to exhaust.[2]

Even if Defendant cured this deficiency, however, the Motion would fall short on the merits. The Court has previously considered whether Defendant qualified for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) in June 2020 and, again, in January 2021. On both occasions, the Court concluded that Defendant had not met his burden of establishing that extraordinary and compelling reasons warranted a reduction in his sentence. (See 6/23/20 Endorsement Order (ECF No. 200); 1/22/21 Order on Pending Motions (ECF No. 203).) Additionally, with regard to the 18

---

[1] See https://www.bop.gov/coronavirus/ (last visited 1/24/2022).

[2] Although Defendant appears to have exhausted administrative remedies before filing his two earlier motions, "[s]uccessive compassionate release motions must independently satisfy the exhaustion requirement." United States v. Cain, No. 1:16-cr-00103-JAW, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021).

U.S.C. § 3553(a) factors, the Court previously explained "that the nature and circumstance of [his] offense, his history and characteristics, and the need to protect the public, all factors that informed the Court's initial 180-month sentence in this bank robbery case," supported the denial of Defendant's request for compassionate release. (1/22/21 Order, PageID # 645.)

In his present Motion, Defendant cites wanting to assist his girlfriend, who is receiving cancer treatment and has a young child. He provides 2020 BOP medical records reflecting his low IQ. He also references his completion of multiple programs that have aided his rehabilitation. The Court notes that it has also reviewed correspondence from Defendant's girlfriend, which further corroborates this information and expresses concern that Sans has not received medical treatment for a shoulder injury and dental issues.[3] (See 12/26/21 Ltr. (ECF No. 209).) On the record presented, the Court concludes that this combination of circumstances does not rise to the level of extraordinary and compelling.[4]

Moreover, even if the record supported a finding of extraordinary and compelling circumstances, the Court concludes that the consideration of all of the applicable section 3553(a) factors continues to provide an independent basis to deny this renewed request for a sentence reduction.

---

[3] The Court received further correspondence from Defendant's girlfriend since taking the present motion under advisement. See 1/24/22 Ltr. (ECF No. 210). This additional letter raises some new concerns, including Defendant's possible deprivation of medication for high blood pressure and anxiety, his risk of potential injury via a third COVID-19 infection, and the possibility that he will contract Legionnaire's Disease. See generally id. The Court notes that there is no medical documentation in the record that establishes these issues. The letter also revisits issues explored in Defendant's previous motions, including his asthma and his brother's health. While the Court has duly considered this latest filing, it does not alter today's conclusion.

[4] To the extent Defendant also raises arguments related to his career offender designation and ineffective assistance of counsel, the Court finds these arguments are not properly addressed in the context of compassionate release. See United States v. Fine, 982 F.3d 1117, 1118–19 (8th Cir. 2020) (affirming the denial of a compassionate release motion that challenged the defendant's career-offender designation and finding it to be essentially "an unauthorized successive motion to vacate, set aside, or correct a sentence"). The Court notes that Defendant appears to be already pursuing permission to pursue a successive petition under 28 U.S.C. § 2255. See Sans v. United States, 1st Cir. 21-2018. Thus, the Court states no opinion on the merits of any arguments that Defendant might raise via a successive petition.

In light of this ruling, the Court also concludes that Defendant does not qualify for appointment of counsel on the record presented.

Therefore, the Court hereby DENIES Defendant's Motions (ECF Nos. 206 & 207).

SO ORDERED.

                                                /s/ George Z. Singal
                                                United States District Judge

Dated this 25th day of January, 2022.