UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:12-cr-00030-GZS |
| PAUL SANS, | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Motion for Compassionate Release (ECF No. 212). Having reviewed this Motion, along with the Government's Response (ECF No. 213), the Court DENIES Defendant's Motion.

The Court has denied Defendant's requests for compassionate release on three previous occasions, most recently in January 2022. (See 6/23/20 Endorsement Order (ECF No. 200), 1/22/21 Order on Pending Motions (ECF No. 203) & 1/25/22 Order on Pending Motions (ECF No. 211).) In the January 2022 Order, the Court determined that Mr. Sans had not exhausted his administrative remedies. (See 1/25/22 Order, PageID # 689.) Because the Government did not waive this issue, the Court denied Defendant's motion without prejudice. (Id.) The Court further observed, however, that even if Defendant cured this deficiency, his request would fail on the merits. (Id., PageID #s 689–90.) Specifically, Defendant had not established "extraordinary and compelling reasons" for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), nor did the applicable 18 U.S.C. § 3553(a) factors support his release. (Id.) Additionally, the Court noted that to the extent Defendant raised arguments related to his career-offender designation, such

arguments were not properly addressed in the context of compassionate release. (Id., PageID # 690 n.4.)

Defendant's current Motion is brief, running less than half a page. (See Def. Mot. (ECF No. 212), PageID # 692.) He asserts that he is no longer a career offender due to intervening changes in the law. (Id.) He also contends that he has served 80% of his sentence and is not a danger to the community. (Id.) In its Response, the Government again declines to waive Defendant's failure to exhaust his administrative remedies and otherwise asserts that the reasoning of the January 2022 Order remains sound. (Gov. Response (ECF No. 213), PageID # 694.)

Put simply, the Court has not found sufficient grounds to disturb its previous decision. Because Mr. Sans has not indicated he has cured the exhaustion issue, nor has the Government waived it, the Court must deny Defendant's Motion without prejudice for the same reasons stated in the January 2022 Order. Additionally, the Court finds that Mr. Sans has not identified any issue that would lead the Court to reconsider its conclusions concerning the merits. Insofar as Mr. Sans again challenges his career-offender designation, the Court reiterates that this argument is not properly addressed in the context of compassionate release.[1] See United States v. Fine, 982 F.3d 1117, 1118–19 (8th Cir. 2020).

Therefore, the Court hereby DENIES Defendant's Motion (ECF No. 212).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 13th day of June, 2022.

---

[1] Once again, the Court notes that Defendant has an application pending before the First Circuit for permission to pursue a successive petition under 28 U.S.C. § 2255. See Sans v. United States, 1st Cir. 21-2018. The Court continues to express no opinion on the merits of any argument that Defendant might raise via a successive petition.