UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:12-cr-00030-GZS |
| PAUL SANS, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Motion for Compassionate Release (ECF No. 216). Having reviewed the Motion, Defendant's supplemental filings (ECF Nos. 217, 220-21, 223), and the Government's Response (ECF No. 222), the Court DENIES Defendant's Motion.[1]

**I.   LEGAL STANDARD**

18 U.S.C. § 3582(c)(1)(A) "authorizes a court to reduce a term of imprisonment when 'extraordinary and compelling reasons warrant such a reduction'" and the prisoner seeking the reduction has exhausted his administrative remedies. United States v. Ruvalcaba, 26 F.4th 14, 18 (1st Cir. 2022); see 18 U.S.C. § 3582(c)(1)(A). To grant a motion under section 3582(c)(1)(A), "the district court must find both that the defendant has presented an 'extraordinary and

---

[1] Defendant also requested that the Court appoint him a lawyer in connection with his Motion. See Def. Mot. (ECF No. 216), PageID #s 700-01; ECF No. 217, PageID # 704. However, he "has no constitutional or statutory right to appointed counsel in connection with his motion for compassionate release." See United States v. Fleming, 5 F.4th 189, 192-93 (2d Cir. 2021) ("[A] defendant has no right to the assistance of counsel in filing a motion for compassionate release or appealing from the denial of such a motion . . . ."); see also United States v. Manso-Zamora, 991 F.3d 694, 696 (6th Cir. 2021) ("[E]very federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings."). The Court DENIES Defendant's request to appoint counsel with respect to the instant Motion.

compelling' reason warranting a sentence reduction and that 'such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" Ruvalcaba, 26 F.4th at 18-19 (citations omitted); see 18 U.S.C. § 3582(c)(1)(A). With respect to a prisoner-initiated motion under section 3582(c)(1)(A), however, there is no applicable policy statement that is binding on the court's review of such motion. See Ruvalcaba, 26 F.4th at 23.[2] As such, when reviewing a prisoner-initiated motion for compassionate release, "district courts enjoy broad discretion[] and may conduct a holistic review to determine whether the individualized circumstances, taken in the aggregate, present an 'extraordinary and compelling' reason to grant compassionate release." United States v. Trenkler, 47 F.4th 42, 47 (1st Cir. 2022); see Ruvalcaba, 26 F.4th at 18-19 ("[A] district court, reviewing a prisoner-initiated motion for compassionate release . . . , may consider any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief.").

If a court determines that the defendant's motion has presented extraordinary and compelling reasons to warrant a sentencing reduction, it must then consider any applicable factors under 18 U.S.C. § 3553(a) "and 'determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" Ruvalcaba, 26 F.4th at 19 (quoting States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021)); see, e.g., United States v. Almeida, No. 2:11-cr-00127-DBH, 2021 WL 22332, at *2 (D. Me. Jan. 4, 2021) (denying compassionate release based on § 3553(a) factors after finding that defendant's medical conditions were extraordinary and compelling in light of coronavirus pandemic).

---

[2] USSG § 1B1.13, the Sentencing Commission's policy statement applicable to a compassionate-release motion brought by the Bureau of Prisons, "nonetheless may serve as a non-binding reference" for a court's review of a compassionate-release motion brought by a prisoner. See Ruvalcaba, 26 F.4th at 23.

**II.   DISCUSSION**

In February 2013, the Court sentenced Defendant Paul Sans to an imprisonment term of 180 months for bank robbery, conspiracy to commit bank robbery, and interference with commerce by robbery. (See ECF No. 118, PageID #s 302-03.) Based on the Sentencing Guidelines Manual in effect at the time, the Court determined that Defendant's combined adjusted offense level was 29, factoring in his status as a career offender and his acceptance of responsibility. The Court applied the career-offender enhancement (which added three offense levels) because it concluded that two of Defendant's prior convictions were for a "crime of violence" and for a "controlled substance offense." (See Statement of Reasons (ECF No. 119), PageID # 314); see also U.S.S.G. § 4B1.1 (defining "career offender"). Those two state convictions were as follows: (1) a 2003 Maine conviction for a residential burglary and theft; and (2) a 2009 New Hampshire conviction for transport of (and conspiracy to possess) a narcotic drug with intent to sell. See Rev. PSR (ECF No. 196-1), ¶s 76, 80. Defendant is currently serving his sentence at USP Coleman II with an estimated release date in June 2025.[3]

Since Defendant's sentencing, the Court has denied Defendant's motions for compassionate release on four previous occasions, most recently in June 2022. (See 6/23/20 Endorsement Order (ECF No. 200), 1/22/21 Order on Pending Motions (ECF No. 203), 1/25/22 Order on Pending Motions (ECF No. 211), 6/13/22 Order on Motion for Sentence Reduction (ECF No. 214).) With each motion, the Court concluded that Defendant had not established extraordinary and compelling reasons to warrant a sentence reduction.[4] Additionally, in its January and June 2022 Orders, the Court noted that Defendant's "arguments related to his career offender

---

[3] See https://www.bop.gov/inmateloc (last visited May 16, 2023); ECF No. 223-1, PageID # 736.

[4] Additionally, in its January and June 2022 Orders, the Court determined that Defendant had not exhausted his administrative remedies. See 1/25/22 Order, PageID # 689; 6/13/22 Order, PageID # 697.

3

designation and ineffective assistance of counsel . . . are not properly addressed in the context of compassionate release." (1/25/22 Order, PageID # 690 n.4; see 6/13/22 Order, PageID # 697.) The Court suggested that these challenges were appropriate for a successive petition under 28 U.S.C. § 2255, which Defendant had already been pursuing at the time. (1/25/22 Order, PageID # 690 n.4.)

In August 2022, the First Circuit issued a decision in which it held for the first time that a court may consider a sentencing error when determining what qualifies as "extraordinary and compelling" reasons under 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Trenkler, 47 F.4th 42, 51 (1st Cir. 2022). In that decision, the First Circuit clarified that district courts "may conduct a holistic review to determine whether the individualized circumstances, taken in the aggregate, present an 'extraordinary and compelling' reason to grant compassionate release." Id. at 47. The following month, the First Circuit denied Defendant's petition for leave to file a successive 28 U.S.C. § 2255 motion. (See 1st Cir. Judgment (ECF No. 215).)

Shortly thereafter, Defendant filed the instant Motion and cited therein the First Circuit's decision in Trenkler. (See Def. Mot. (ECF No. 216), PageID # 701.) Among other things, he asserted that he would have received a lesser sentence if he were sentenced "today," as he would no longer be considered a career offender under the present standards. (See id., PageID # 700; ECF No. 217, PageID # 705.) The Court directed the Government to file a response "specifically address[ing] the impact of . . . Trenkler . . . on Defendant's arguments that various alleged sentencing errors should be considered as part of the extraordinary and compelling reasons warranting a sentence reduction." (10/13/22 Endorsement Order.) The Government did so, asserting that Defendant had not identified any extraordinary or compelling reasons to justify compassionate release because,

4

under Ruvalcaba and Trenkler, a sentencing error alone cannot qualify as an extraordinary or compelling basis. (See Gov. Opp. (ECF No. 222), PageID #s 727-29.)

At the outset of its discussion, the Court notes that it is unclear whether Defendant has exhausted his administrative remedies with respect to his latest Motion. "For purposes of the instant motion," the Government has represented that it has "assume[d] that [Defendant] did in fact request release from the [Bureau of Prisons ('BOP')] and has therefore exhausted his administrative remedies." (Id., PageID # 726 n.1.) Thus, in adjudicating Defendant's Motion, the Court also assumes that Defendant has exhausted his administrative remedies and therefore proceeds to the merits of his Motion.

In light of the First Circuit's decisions in Ruvalcaba and Trenkler, the Court has considered Defendant's arguments relating to his career-offender designation and his claims of ineffective assistance of counsel, along with the other circumstances he cites, in determining whether he has presented extraordinary and compelling reasons for his release. See Trenkler, 47 F.4th at 47. Defendant asserts that his "burglaries are no longer violent in the First Cir[cuit] and [] conspiracy to poss[es] cocaine in New Hampshire is no longer a controlled substance offense." (Def. Mot., PageID # 699.)[5] The Government does not deny that Defendant no longer qualifies as a career offender

---

[5] In support of his argument that his New Hampshire drug offense no longer qualifies as a "controlled substance" offense for career-offender purposes, Defendant cites the Third Circuit's decision in United States v. Nasir, 17 F.4th 459 (3d Cir. 2021). See Def. Mot., PageID # 699. In Nasir, the Third Circuit concluded that inchoate drug offenses do not qualify as "controlled substance" offenses under the career-offender provision of the Sentencing Guidelines. See 17 F.4th 459 at 468. Because the district court had sentenced the defendant in that case as a "career offender" based on a prior inchoate drug offense (attempt to possess with intent to distribute cocaine), the Third Circuit held that he must be resentenced. See id. at 468-69. Here, in contrast, Defendant's 2009 New Hampshire conviction was for not only an inchoate offense (conspiracy to possess a narcotic drug with intent to sell) but also transport of a narcotic drug with intent to sell. See Rev. PSR, ¶ 80. Transportation of a narcotic drug with the intent to sell, as well as conspiracy to possess a narcotic drug with intent to sell, falls plainly within the Sentencing Guidelines' definition of a "controlled substance offense." See U.S.S.G. § 4B1.2(b) (defining "controlled substance offense" to include a felony "offense under federal or state law . . . that prohibits the manufacture, import, export, distribution, or dispending of a controlled substance"); id., Application Note 1 ("defining 'controlled substance offense' [to]

5

under the current Sentencing Guidelines. Nevertheless, as the Government notes, the First Circuit has made clear that "a change in sentencing law, standing alone, cannot" satisfy the "extraordinary and compelling standard." See Trenkler, 47 F.4th at 50. As such, even if Defendant "would not have qualified as a career offender" today and would "have been sentenced under a lower guideline range," that fact alone "would not be enough to carry the day." United States v. D'Angelo, No. 2:13-CR-00114-NT, 2022 WL 10066359, at *3 (D. Me. Oct. 17, 2022); see Trenkler, 47 F.4th at 51. Accordingly, the Court concludes that the sentencing changes identified by Defendant do not present an extraordinary and compelling reason to justify a reduction in his sentence.[6]

The Court therefore turns to the other reasons that Defendant identifies as extraordinary and compelling, namely that he: received ineffective assistance of counsel in his case;[7] has completed approximately 80% of his sentence and has rehabilitated himself during his incarceration;[8]

---

include the offenses of . . . conspiring . . . to commit such offenses"). Moreover, First Circuit precedent – which is binding on this Court, unlike Nasir – is clear "that 'controlled substance offenses' under U.S.S.G. § 4B1.2 include so-called inchoate offenses such as conspiring to distribute controlled substances." United States v. Lewis, 963 F.3d 16, 21-25 (1st Cir. 2020). Nasir is therefore inapplicable to this case, and Defendant's New Hampshire drug offense remains a "controlled substance offense."

[6] The Court also acknowledges Defendant's cursory citation to the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022). See Def. Mot., PageID # 702. In Concepcion, the Supreme Court held that a "district court adjudicating a motion under [Section 404 of] the First Step Act may consider [] intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion." 142 S. Ct. at 2396. Section 404(b) of "[t]he First Step Act authorizes district courts to reduce the prison sentences of defendants convicted of certain [federal] offenses involving crack cocaine." Id.; see Pub. L. 115–391, § 404(b), 132 Stat. 5222. Here, Defendant was not convicted of a federal offense involving crack cocaine and therefore Concepcion – as well as Section 404(b) of the First Step Act – is inapplicable to his request for a sentence reduction. See United States v. Smith, 954 F.3d 446, 448 (1st Cir. 2020) (concluding that it is the statute under which a defendant was convicted that determines whether he was sentenced for a "covered offense" within the meaning of Section 404(a)). To the extent Defendant also relies on Section 403(b) of the First Step Act, which reduced sentences under 18 U.S.C. § 924(c), such reliance is misplaced because he was not sentenced under this section.

[7] See Def. Mot., PageID # 699; ECF No. 217, PageID # 706; ECF No. 220, PageID # 714; ECF No. 221, PageID # 720; ECF No. 223, PageID # 733.

[8] See Def. Mot., PageID #s 699-700; ECF No. 217, PageID # 704; ECF No. 220, PageID #s 712-13; ECF No. 221-2, PageID # 721.

previously sustained a traumatic brain injury as a child and suffers from high blood pressure and "hip/joint" disease;[9] and has a significant other with whom he has a young daughter and a business.[10]  The Court addresses each of these cited reasons in turn.  First, for the reasons previously set forth on the record, this Court concludes that Defendant's allegations regarding ineffective assistance of counsel lack merit.  (See Recommended Decision (ECF No. 146), PageID #s 501-07; Order Affirming Recommended Decision (ECF No. 152).)  Second, while the Court acknowledges Defendant's rehabilitative efforts, rehabilitation alone is not a sufficient basis for finding that extraordinary and compelling reasons exist.  See Ruvalcaba, 26 F.4th at 25.[11]  Third, at the time of Defendant's sentencing, the Court was already aware of his brain injury and related behavioral troubles, as well as his general mental health history.  These issues were documented in the Presentence Investigation Report and also emphasized by his then-counsel.  (See Rev. PSR, ¶s 92-95; Def. Sentencing Brief (ECF No. 114), PageID #s 296, 298-99; Transcript of Sentencing Hearing (ECF No. 137), PageID #s 389, 392, 395.)  "Because these issues have already factored into [the Court's] sentencing decision, they are not 'extraordinary' or 'compelling' in the context of a motion for a sentencing modification."  D'Angelo, 2022 WL 10066359, at *4.  With respect to his high blood pressure and hip/joint disease, Defendant has not brought forward any documentation establishing these conditions or any evidence that these conditions are not, or cannot be, well managed at USP Coleman II.  Finally, the Court has previously considered Defendant's plans to assist his significant other, who recently underwent cancer treatment, and their young child.  As the Court previously determined, these family circumstances do not present an extraordinary or

---

[9] See ECF No. 220, PageID # 716; ECF No. 221-1, PageID # 721; ECF No. 223, PageID # 733.

[10] See ECF No. 220, PageID # 716; ECF No. 223, PageID #s 733-34.

[11] However, the Court has considered Defendant's rehabilitative efforts in conjunction with the other circumstances that he cites as extraordinary and compelling reasons.

compelling reason justifying a sentence reduction. Additionally, taken in the aggregate, these circumstances do not "present an 'extraordinary and compelling' reason to grant compassionate release.'" Trenkler, 47 F.4th at 47.[12]

Even assuming the Court were to find extraordinary and compelling reasons on the present record, the Court must also consider any applicable factors found in 18 U.S.C. § 3553(a). This Court has done so on numerous occasions. In January 2021, for instance, in ruling on one of Defendant's prior motions for compassionate release, the Court concluded "that the nature and circumstance of [his] offense, his history and characteristics, and the need to protect the public" were "all factors that informed the Court's initial 180-month sentence in this bank robbery case" and supported the denial of Defendant's request for compassionate release. (1/22/21 Order, PageID # 645.) In January 2022, the Court again evaluated the § 3553(a) factors and concluded "that the consideration of all of the applicable section 3553(a) factors continue[d] to provide an independent basis to deny [Defendant's] renewed request for a sentence reduction." (1/25/22

---

[12] The Court also notes that Defendant's sentence is not so unusually long that it constitutes an extraordinary or compelling reason for a sentence reduction. As noted previously, Defendant received a 180-month imprisonment sentence for federal robbery crimes based on the Court's determination that his total offense level was 29, factoring in his status as a career offender. See Transcript of Sentencing Hearing (ECF No. 137), PageID # 399; Statement of Reasons, PageID # 314. Defendant's sentence fell within the 151- to 188-month Guideline imprisonment range for his offense level and Category VI criminal history. See Statement of Reasons, PageID # 315. If Defendant had not been deemed a career offender, his total offense level would have been reduced by three levels to 26 (see id., PageID #s 314-15) and the Guideline imprisonment range reduced to 120 to 150 months. As the Government notes, "the difference between the sentence that he received and the sentence that he would receive if sentenced today [assuming he was again sentenced near the top of the Guideline range] is only thirty (30) months – hardly the type of sentencing disparity that courts found to be 'extraordinary and compelling' within the meaning of the First Step Act." Gov. Opp., PageID # 730; see, e.g., United States v. Vigneau, 473 F. Supp. 3d 31, 36-39 (D.R.I. 2020) (finding extraordinary and compelling reasons where defendant was serving mandatory sentence from 1998 of 365 months when current national average for offense was 27 months); United States v. Urkevich, No. 8:03CR37, 2019 WL 6037391, at *2 (D. Neb. Nov. 14, 2019) (finding extraordinary and compelling that defendant sentenced in 2004 was facing an imprisonment term forty years longer than would be the case if sentenced today).

Order, PageID # 690.) Having duly considered Defendant's latest filings and the current record, the Court does not find cause to disturb its prior determinations as to the section 3553(a) factors.

Finally, with respect to Defendant's requests to be incarcerated elsewhere or serve the remainder of his sentence in home confinement,[13] the Court notes that it cannot review the BOP's decision to not place Defendant in a particular facility or home confinement in this posture. See Tapia v. United States, 564 U.S. 319, 330-31 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment' . . . . [D]ecisionmaking authority rests with the BOP." (citation omitted)); 18 U.S.C. § 3621(b) ("[A] designation of a place of imprisonment . . . is not reviewable by any court.").[14]

For the foregoing reasons, the Court hereby DENIES Defendant's Motion (ECF No. 216).

SO ORDERED.

                                            /s/ George Z. Singal
                                           United States District Judge

Dated this 16th day of May, 2023.

---

[13] See Def. Mot., PageID # 701; ECF No. 217, PageID #s 704-05; ECF No. 220, PageID # 716; ECF No. 223, PageID # 734.

[14] To the extent Defendant's filings reference ongoing safety concerns at his current facility (ECF No. 221, PageID # 720; ECF No. 223, PageID #s 734-35), those concerns must be addressed by BOP and, on the record presented, do not provide a basis for compassionate release.